# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ANNA DYCK DE THIESSEN, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:17-CV-30 |
| JEFF SESSIONS, et al., | § § | |
| Defendants. | § § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On August 3, 2017, the report of the Magistrate Judge (Dkt. #40) was entered containing proposed findings of fact and recommendations that Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint for Writ of Mandamus (Dkt. #34) be granted in part and denied in part.

### BACKGROUND

According to the pleadings, on May 14, 1997, Anna Dyck de Thiessen, Johan Thiessen Dyck, and Aganetha Thiessen Dyck ("Plaintiffs") were approved for conditional permanent resident status as the derivative beneficiaries (spouse and minor children) of an approved I-526, Immigrant Petition by Alien Entrepreneur, filed by Plaintiffs' husband/father on April 11, 1997 (Dkt. #18 at p. 2). Plaintiffs represent they are citizens of both Mexico and Canada, but have been conditional permanent residents since December 31, 1997. On December 21, 1999, Plaintiffs filed an I-829, Petition by Entrepreneur to Remove Conditions on Permanent Resident

1

Status (USCIS Receipt No. SRC0007600124). More than seventeen years have passed since Plaintiffs filed the petition. The United States Citizenship and Immigration Services ("USCIS") has yet to complete the adjudication of Plaintiffs' petition.

Plaintiffs' petition is based on a qualifying investment in Load Trail, Inc., a family owned business in Sumner, Texas, which they claim employs more than five hundred (500) workers (Dkt. #18 at p. 4). Plaintiffs claim that, upon request for a status inquiry to the USCIS California Service Center in March 25, 2014, USCIS responded on April 11, 2014, stating USCIS was withholding the adjudication of the I-829 petition, and that it was being housed at the California Service Center pending the issuance of regulations implementing the special immigrant investor provisions of the Twenty-First Century Department of Justice Appropriations Authorizations Act (Public Law 107-273), Pub. L. No. 107-273 116 Stat. 1757 (Nov. 2, 2002) (Dkt. #18 at p. 5).

On January 12, 2017, Plaintiffs filed the present suit (Dkt. #1). On April 6, 2017, Plaintiffs filed a First Amended Complaint (Dkt. #18). Plaintiffs stated in their First Amended Complaint (the "Complaint") that, to date, USCIS has failed to take any steps to complete the adjudication of Plaintiffs' I-829 petition, has not provided any indication that USCIS had any reason to doubt the veracity of Plaintiffs' petition, and has not requested any additional information concerning Plaintiffs' stated qualifications for the removal of conditions (Dkt. #18 at p. 6). Plaintiffs' suit names USCIS, Chief Nicholas Colucci, United States Department of Homeland Security, Jeff Sessions, John F. Kelly, and James McCament as Defendants.[1] Plaintiffs assert violations of the Administrative Procedures Act ("APA"), 5 USC § 701 et seq., and state that Defendants have denied Plaintiffs due process and equal protection guaranteed by the Fifth Amendment of the U.S. Constitution (Dkt. #18 at p. 7). Plaintiffs ask the Court for an

---

[1] In accordance with Fed. R. Civ. P. 25(d), Acting DHS Elaine C. Duke is substituted for her predecessor John F. Kelly.

order of mandamus compelling Defendants to adjudicate Plaintiffs' I-829 petition and to award attorneys' fees pursuant to the Equal Access to Justice Act (Dkt. #18 at p. 8). On June 14, 2017, after seventeen years and the filing of this suit, USCIS requested additional evidence of eligibility from Plaintiffs in the form of a Request for Evidence ("RFE") (Dkt. #34, Ex. 1). Plaintiffs have until September 10, 2017, to submit additional evidence in response to the RFE. On June 19, 2017, Defendants filed the present Motion to Dismiss (Dkt. #34). On July 10, 2017, Plaintiffs filed a response (Dkt. #37). On July 17, 2017, Defendants filed a reply (Dkt. #39).

On August 3, 2017, the report of the Magistrate Judge (the "Report") was entered containing proposed findings of fact and recommendations that Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint for Writ of Mandamus (Dkt. #34) be granted in part and denied in part (Dkt. #40). The Report recommends the Motion to Dismiss be granted as to Plaintiffs' Constitutional violation claims and be denied as to Plaintiffs' request for mandamus relief (Dkt. #40 at p. 12).

On August 17, 2017, Defendants filed Objections to the Report and Recommendation of United States Magistrate Judge (Dkt. #42). Plaintiffs did not file objections, but filed a response to Defendants' objections on August 22, 2017 (Dkt. #44).

ANALYSIS

*Constitutional Violations*

Neither Plaintiffs nor Defendants object to the finding in the Report that Plaintiffs' Constitutional violations should be dismissed. The Court agrees, and adopts the findings of the Magistrate Judge as the findings of the Court with regard to Plaintiffs' Constitution violations claims.

*Mandamus Claim*

Defendants argue the Magistrate Judge erred in finding Defendants' issuance of an RFE is not considered adjudicating Plaintiffs' I-829 petition (Dkt. #42 at p. 1). Defendants note RFE's are part of the regulatory scheme for adjudicating such petitions, and that courts have held that issuance of an RFE is considered part of the adjudication process of an immigrant visa petition (Dkt. #42 at p. 2).

The Court recognizes the role of RFEs in the process of adjudicating an immigrant visa petition, specifically in the EB-5 immigrant investor visa program. As Defendant references, "RFEs are clearly an intermediate step in the process of adjudicating a [visa application]." *Elgin Assisted Living EB-5, LLC v. Mayorkas*, No. 12 CV 2941, 2012 WL 4932661, at *3 (N.D. Ill. Oct. 16, 2012). Further, as Defendant notes, when United States Citizenship and Immigration Services ("USCIS") issues an RFE, time limitations imposed on USCIS to complete adjudication is suspended until petitioner responds to the RFE. 8 C.F.R. § 103.2(b)(10)(i).

The Report states that Plaintiffs' Complaint does not take issue with Defendants for refusing to take any action; rather, it is the completion of the process that is requested." (Dkt. #40 at p. 6). Defendants state "nowhere in the Amended Complaint do Plaintiffs make such a statement." (Dkt. #42 at p. 3). Defendants are demonstrably incorrect. Plaintiffs state in their Amended Complaint: "Plaintiffs Anna Dyck de Thiessen, Johan Thiessen Dyck and Aganetha Thiessen Dyck, bring this mandamus action to compel the United States Citizenship and Immigration Services (USCIS) *to complete the adjudication of Plaintiffs' Form I-829*, Petition by Entrepreneur to Remove Conditions on Permanent Resident Status, pending since December 21, 1999 (USCIS Receipt No. SRC0007600124); over seventeen years' time." (Dkt. #18 at p. 2)

4

(emphasis added). The Court finds that Plaintiffs' request for mandamus relief is "to complete the adjudication" of Plaintiffs' petition, not to merely begin to take action.

Defendants argue that because there is an RFE pending, there is nothing presently the Court can do (Dkt. #42 at p. 2). This is not the case. Perhaps the Court would be sidelined if Plaintiffs had merely requested the Court to order Defendants to take a responsive action, but Plaintiffs ask for the Court to compel the adjudication, that is, the completion of the adjudication process, without delay (Dkt. #18 at p. 8).

Defendants argue the Magistrate Judge misconstrues Defendants' argument in stating that Defendants have a clear nondiscretionary duty to act (Dkt. #42 at p. 3). Defendants contend their argument was that they do not owe Plaintiff any further action on Plaintiffs' petition when they are in fact adjudicating the petition in accordance with the regulations by issuing the RFE (Dkt. #42 at p. 3). The relief requested is, again, not to merely begin adjudication of their petition, or to take an action, but rather to compel Defendants to complete the adjudication without delay. The duty referenced by the Magistrate Judge and Plaintiffs is the duty to *complete* the adjudication.

Finally, Defendants argue the Report does not address Defendants' concern that proceeding to review Plaintiffs' claims without the agency having yet applied its expertise in an attempt to resolve Plaintiffs' claims does not serve judicial economy and directly contravenes the doctrine of exhaustion of administrative remedies (Dkt. #42 at p. 4). The Magistrate Judge, however, did address issues related to Plaintiffs' "failure to exhaust," stating:

> Plaintiffs counter that there is no statutory exhaustion requirement for bringing a mandamus complaint in a case involving a delay by USCIS in adjudicating an application. The Court agrees. APA § 706 states: 'The reviewing court shall compel agency action unlawfully withheld or unreasonably delayed. . . .' This statement patently contemplates compelling agency action that has yet to be completed by which is unreasonably delayed. Plaintiffs argue, and the Court

5

>agrees, that the issuance of an RFE does not constitute an unexhausted avenue of the requested relief, and is not an adjudication.

(Dkt. #40 at p. 10). The Court agrees with the findings of the Magistrate Judge. The requested relief is not commencement of the adjudication process, but rather completion. Therefore, an RFE, which will not bring the process to completion, cannot serve as an unexhausted avenue of relief. Defendants argue the Court ignores the reasoning for administrative exhaustion: "to serve judicial economy by preventing piecemeal judicial review of agency actions and facilitate judicial review by allowing the administrative tribunal to use its expertise to develop a complete factual record and resolve a claim." (Dkt. #42). The Court appreciates Defendants' concern for judicial economy; however, if Defendants had timely used their expertise to resolve Plaintiffs' petition rather than waiting more than seventeen years, and after the filing of a federal lawsuit, no judicial resources would likely have been expended.

The Court notes that, by Defendants' logic, the Court is compelled to dismiss Plaintiffs' claims at the moment an RFE is issued. Plaintiffs, upon responding to the RFE, would again be in the same position—waiting on Defendants to adjudicate their petition. More than seventeen years of history in this matter suggest that Plaintiffs may again be forced to file a lawsuit in order to insist that Defendants adjudicate their petition. Defendants' legal conclusion not only runs directly counter to concerns for judicial economy, but results in a framework in which the Court has no legitimate check against agency action being unlawfully withheld or unreasonably delayed.

As the Magistrate Judge noted, "the RFE procedure is a continuation of the incomplete process of adjudicating Plaintiffs' I-829 petition." (Dkt. #40 at p. 6). It is the adjudication, the completion of the process, which *has already been* unreasonably delayed, and it is the overall

adjudication, the compelling the completion of the process, to which mandamus relief would be directed.

## CONCLUSION

Having received the report of the United States Magistrate Judge, having considered each of Defendants' timely filed objections (Dkt. #42), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #40) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint for Writ of Mandamus (Dkt. #34) is **GRANTED IN PART AND DENIED IN PART**. The Motion to dismiss is granted as to Plaintiffs' Constitutional violation claims and denied as to Plaintiffs' request for mandamus relief.

**IT IS SO ORDERED.**
SIGNED this 7th day of September, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE